IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANITRA HURT,<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY PAYMENT SYSTEMS, LLC<br><br>Defendant | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

## INTRODUCTION

1. Anitra Hurt brings this action to obtain full and complete relief for Defendant's violation of the overtime pay requirements under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because a substantial part of the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

1

4. Plaintiff Hurt is a citizen of the United States of America, and resident of the State of Georgia.

5. Defendant is a Georgia Corporation.

6. Defendant offers credit card processing services and merchant banking solutions for small businesses throughout the United States on behalf of American Express ("Amex").

7. Defendant has its headquarters in Alpharetta, Georgia.

8. Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

9. At all relevant times, Defendant engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

10. At all relevant times, Defendant was an "employer" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

11. At all relevant times, Defendant employed Hurt and other employees who were engaged in commerce and/or the production of goods for commerce.

12. At all relevant times, Hurt was an "employee" of Defendant as that term is defined by 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

13. Hurt worked for Defendant from January 6, 2014 to December 15, 2015 as an inside salesperson.

14. Hurt was paid a salary plus commissions and/or bonuses throughout her employment.

15. Hurt consistently worked more than forty (40) hours per week, but was never paid time and one-half her regular hourly rate of pay for any time worked over 40 hours in a workweek.

16. Defendant misclassified Hurt as exempt from the FLSA's overtime pay requirements.

17. Hurt performed inside sales work and was given the job title of "Financial Specialist" or "Closer."

18. Hurt performed non-exempt work.

19. Hurt worked at Defendant's offices, and was required to generate or maintain business by, for example, calling and emailing potential or current clients about Amex loan products.

20. Hurt was scheduled to work a 40-hour workweek (i.e., a nine-hour day, including one hour for lunch, Monday through Friday).

21. Hurt consistently worked more than 40 hours in a workweek.

22. Hurt consistently performed work before and after her scheduled work shift and during her lunch breaks.

23. Defendant was aware that Hurt worked more than 40 hours in a workweek.

24. Hurt made and/or received phone calls, and sent and/or received emails during her alleged lunch breaks, and before and after her scheduled work shifts.

25. Defendant failed to keep track of Hurt's actual work hours.

## COUNT ONE
### (Fair Labor Standards Act ("FLSA"))
### (Failure to Pay Overtime Compensation)

26. Plaintiff incorporates the Factual Allegations as if fully restated here.

27. Defendant violated the FLSA by failing to pay Hurt at an overtime rate of not less than time and one-half her regular hourly rate of pay for all hours worked over 40 in a workweek.

28. Defendant misclassified Hurt as exempt from the FLSA's overtime pay requirements.

29. Hurt performed non-exempt work.

30. Hurt performed inside sales work.

31. Hurt worked at Defendant's office, and was required to generate or maintain business by, for example, making outbound calls to potential or current clients about Amex loan products.

32. Defendant suffered and/or permitted Hurt to work in excess of the 40 hours she was scheduled to work each workweek.

33. Defendant knew Hurt worked in excess of the 40 hours she was scheduled to work each workweek.

34. Hurt made and/or received phone calls and sent and/or received emails during her lunch breaks, and before and after her scheduled work shifts.

35. Defendant willfully disregarded its obligations under the FLSA.

36. Defendant attempted to avoid paying overtime to Hurt by misclassifying her as an exempt employee.

37. At all relevant times, Defendant was required to keep and maintain accurate records of Hurt's actual work hours.

38. At all relevant times, Defendant failed to maintain accurate time records in violation of the FLSA's recordkeeping requirements.

39. As the direct and proximate result of Defendant's unlawful conduct, Hurt has suffered a loss of income and other damages.

40. Hurt is entitled to back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief as against Defendant:

A. A judgment in favor of Plaintiff for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA;

B. Judgment against Defendant that Defendant's violations were willful;

C. Such other and further relief as this Court may deem just and proper.

Date: March 24, 2016

           Respectfully submitted,

           SMITH LAW, LLC

       By: /s/ Louise N. Smith
          Louise N. Smith
          Georgia Bar No. 131876
          William J. Smith
          Georgia Bar No. 710280
          *Counsel for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

           LEGARE, ATTWOOD & WOLFE, LLC

      By: /s/ Steve E. Wolfe
          Steven E. Wolfe
          Georgia Bar No. 142441
          sewolfe@law-llc.com
          Eleanor Mixon Attwood
          Georgia Bar No. 514014

emattwood@law-llc.com
*Counsel for Plaintiff*

400 Colony Square, Suite 1000
1201 Peachtree St., NE
Atlanta, GA 30361
T: (470) 823-4000
F: (470) 202-1212

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

        Respectfully submitted,

        SMITH LAW, LLC

By:   /s/ Louise N. Smith
       Louise N. Smith

## FONT AND POINT CERTIFICATION

I hereby certify that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 24th day of March, 2015.

                                      Respectfully submitted,

                                      SMITH LAW, LLC

                              By:   /s/ Louise N. Smith
                                      Louise N. Smith

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of March served all the parties in this matter with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4.

                         By:   /s/ Louise N. Smith
                                  Louise N. Smith