# EXHIBIT "A"

## SETTLEMENT AGREEMENT

Priority Payment Systems, LLC ("Priority") and Anitra Hurt, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Priority agrees:

    a. to pay to Employee Ten-Thousand, Seven-Hundred Eighty Dollars and Sixty Cents ($10,780.60) as wage income, less lawful deductions, within ten (10) business days after the later of: (1) Priority's receipt of a signed copy of this Agreement; and (2) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA").

    b. to pay to Employee Ten-Thousand, Seven-Hundred Eighty Dollars and Fifty-Nine Cents ($10,780.59) as non-wage income for liquidated damages, to be reported by Employee as 1099 income within 10 business days after the later of: (1) Priority's receipt of a signed copy of this Agreement; and (2) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA").

    c. to pay to Smith Law, LLC Seven-Thousand One-Hundred Eighty-Seven Dollars and Six Cents ($7,187.06) as non-wage income, to be reported as 1099 income, within 10 business days after the later of: (1) Priority's receipt of a signed copy of this Agreement; and (2) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA").

    d. to pay to Legare, Attwood & Wolfe, LLC Seven-Thousand One-Hundred Eighty-Seven Dollars and Six Cents ($7,187.06) as non-wage income, to be reported as 1099 income, within 10 business days after the later of: (1) Priority's receipt of a signed copy of this Agreement; and (2) the Northern District of Georgia's approval of the Parties' settlement of Employee's claims under the Fair Labor Standards Act ("FLSA").

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "1" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release, Claims Not Released and Related Provisions**

    a. **Release of All Claims Asserted in Complaint.** Employee knowingly and voluntarily releases and forever discharges Priority, its parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers,

1

successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA") and any state wage statutes, that were or could have been alleged in Employee's Complaint against Priority.

b.  **Claims Not Released.** Employee is not waiving any rights she may have to: (a) her own vested accrued employee benefits under Priority's health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

c.  **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency.

d.  **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Priority or any other Releasee identified in this Agreement is a party.

4.  **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Priority, except the lawsuit Employee will file in order to obtain approval of this Settlement Agreement from the United States District Court, Northern District of Georgia.

Priority affirms that it has not filed, caused to be filed, or is presently a party to any claim or counterclaim against Employee.

Employee also affirms that the Consideration described in Paragraph 1 above compensates her for all hours she worked for Employer through the date of this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or

2

occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Priority and will continue to maintain the confidentiality of such information consistent with Priority's policies and Employee's agreement(s) with Priority and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Priority or its officers, including any allegations of corporate fraud.

5. **Non-Disparagement.** The parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Employee's relationship with Priority, and/or, to the extent relevant, the circumstances surrounding Employee's claims against Priority, or otherwise cast a negative characterization upon the other party. The parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts and Facsimiles.**   This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument. A facsimile or copy of a signature shall be treated as an original signature for all purposes.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: /s/ Anitra Hurt
Anitra Hurt

PRIORITY PAYMENT SYSTEMS, LLC
By: /s/ David McMiller
David McMiller
President, Business Services

4816-1462-7631, v. 1

4